## G. C. BOCK

### v.

## GEORGE WEIGANT.

1. EVIDENCE—IMPEACHING WITNESS.—A witness cannot be impeached by showing that he has at other times made contradictory statements, unless his attention has been directed on his examination to the alleged contradictory statement, particularly specifying the time, place and person to whom it was made.

2. TENDER ON CONTRACT.—In an action on a contract begun and prosecuted in a court of record, there can be no tender of unliquidated damages. Where the amount of damages has not been ascertained by anticipatory agreement between the parties, they must be considered as unliquidated.

3. PLEA OF TENDER.—In an action to recover for services as physician, the defendant pleaded the general issue and a plea of tender as to $37.85; but there was no denial in the latter plea as to the excess claimed by the plaintiff. Issues were joined upon both pleas, and there was a general ver-

dict for the defendant; and upon this verdict the court allowed the plaintiff to take the sum tendered, and rendered judgment against him for costs. This was error. The verdict, although upon an immaterial issue, went to the whole cause of action, and did not warrant the judgment as entered.

APPEAL from the County Court of St. Clair county; the Hon. FREDERICK H. PIEPER, Judge, presiding. Opinion filed April 2, 1880.

Mr. WILLIAM C. KUEFFNER, for appellant; that the impeaching testimony was improper, there being no foundation first laid for its introduction, cited 1 Greenleaf's Ev. § 462; Richardson v. Kelly, 85 Ill. 493; Regnier v. Cabot, 2 Gilm. 34; Root v. Wood, 34 Ill. 283; Miner v. Phillips, 42 Ill. 123; Winslow v. Newlan, 45 Ill. 145.

The pleas should have been qualified: Puterbaugh's Pl. 229; 3 Chitty's Pl. 922.

Messrs. HAY & KNISPEL, for appellee; that where it appears that substantial justice has been done, the judgment will not be reversed because immaterial testimony was admitted, cited Holbrook v. Nichol, 36 Ill. 161; Bauman v. Bowles, 51 Ill. 380; Curtis v. Sage, 35 Ill. 22; Schultz v. Lepage, 21 Ill. 160; Charter v. Graham, 56 Ill. 19; C. & A. R. R. Co. v. Clampit, 63 Ill. 95; Thompson v. McLaughlin, 66 Ill. 407; Deniston v. Hoagland, 67 Ill. 265; Pratt v. Tucker, 67 Ill. 346; Crist v. Wray, 76 Ill. 204.

Objection to the form of the verdict cannot be taken in this court: Schlencker v. Risley, 3 Scam. 483; State Bank v. Batty, 4 Scam. 200; R. R. I. & St. L. R. R. Co. v. Steele, 69 Ill. 253.

The verdict and judgment were in proper form: Cilley v. Hawkins, 48 Ill. 309; Sweetland v. Tuthill, 54 Ill. 215; Monroe v. Chaldeck, 78 Ill. 429.

BAKER, P. J.   Appellant prosecuted assumpsit in the county court of St. Clair county against appellee, for medical attendance, advice and medicines.   The result of the suit was a judgment against himself for costs; and he brings the record to this court and assigns various errors.   Among the errors assigned are these: the court erred in permitting improper testimony to

go to the jury against the objection of the plaintiff; the court gave improper instructions to the jury on behalf of the defendant; and that the judgment of the court was not warranted by the verdict. The only controverted fact was, whether the plaintiff had made seven professional visits at the house of defendant, or six only. The determination of this fact depends upon the question whether the night visit, which both parties agree was made, was made in the night from Wednesday to Thursday, or in the night from Thursday to Friday; if the former, the plaintiff made seven visits; if the latter, but six. It is admitted, when the doctor made the night visit, he was called by John Roth, whom defendant had sent. On the trial, the plaintiff and Roth both testified the night visit was made in the night from Wedneday to Thursday; and Gustavus Bock, Jr., testified, that during the night from Wednesday to Thursday John Roth called, and his father went along with him, but he only knew he went out to Weigant's, who lived over four miles distant, from what his father told him. The defendant, Anna Weigant, and Etting, son in law of Weigant, all testified the visit was in the night, from Thursday to Friday.

The question of time was, under the circumstances of the case, material, and the testimony upon it was quite evenly balanced, and it might require but little to turn the scale either way. In order to impeach the evidence of Roth, Anna Weigant was asked the following question, after Roth had testified:

" Did you at any time have a conversation with John Roth in which he stated to you the time he called Dr. Bock to your house? if so, state what time he did state?"

The plaintiff objected to this question, on the ground that no proper foundation had been laid for it in the examination of Roth, specifying time, place and person. The objection was overruled, and the witness permitted to answer, and an exception was saved. The witness then answered as follows: "On one Sunday in March, Roth told me he was sure that he called Dr. Bock on Thursday to Friday night." The only foundation that had been laid was the question asked Roth on cross-examination, whether he had at any time told Weigant, or any member of his family, that he called the plaintiff in the night

from Thursday to Friday. If the effect of this question had been to, in fact, call the attention of the witness to the particular conversation intended, then the defect in the question itself would have been obviated, but here no such result was had. The rule is inflexible—a witness cannot be impeached in this mode without his attention has been directed on his examination to the alleged contradictory statement, particularly specifying the person involved, and time and place. 1 Greenl. Ev. § 462; Richardson v. Kelly, 85 Ill. 491.

But, it is urged, the witness was impeached by Etting and Sieben, for whose testimony a foundation was laid. That may be, but it was a question for the jury to determine; and Roth had at least partially explained that matter by saying he did not make any positive statements in the presence of Etting and Sieben, but had answered he could not recollect exactly when it was without thinking the matter over; and that he recollected the facts better now because he had recalled certain facts with reference to his whereabouts and work on Tuesday, Wednesday and Thursday, and which facts he detailed to the jury. The jury might have regarded this explanation as satisfactory in the absence of the testimony of Anna Weigant; but her sworn statement as to what he had said on that Sunday in March may have had great weight, and had the effect to induce them to regard the witness as successfully impeached. It was error to allow this evidence to go to the jury over the objections of plaintiff.

The court instructed the jury for the defendant, "that if they believe from the evidence that the defendant is not indebted to the plaintiff in any greater sum than the sum tendered, they must find for the defendant." This instruction was erroneous, as applied to this case. The defendant had improperly pleaded "non-assumpsit" to the whole of plaintiff's demand, and at the same time a plea of tender before suit brought as to $37.85, with no denial in this latter plea as to the difference between the amount tendered and the demand. The pleas should have been qualified. 3 Chit. Pl. 922, note *d*. However, issues were formed on the pleas as they were; and a general finding for defendant would find the general issue

Bock v. Weigant.

which went to plaintiff's whole cause of action against defendant, and, consequently, that he was not entitled even to the amount tendered. Had this been the only objection to the instruction, it would probably have been cured by the subsequent verdict and judgment. The most substantial objection to it, in our opinion, is that it told the jury if they found for defendant on an immaterial issue, they should find against the plaintiff, even though he had established his whole cause of action. The point of the immateriality of the issue formed on the plea of tender, will be considered in discussing the next assignment of error. Was the judgment of the court warranted by the verdict? Some question is made as to what the verdict of the jury really was.

The record of the court proceedings shows the verdict returned was, "The jury find the issue of tender for defendant;" and we do not regard the statement in the bill of exceptions, "thereupon the jury rendered a verdict against the plaintiff," as inconsistent with the record made by the clerk. The verdict was against the plaintiff, but only so upon an issue we think immaterial, and leaving the only material issue in the case undisposed of. The court, upon this verdict, granted the plaintiff permission to take out of court the sum of $37.85 tendered, and rendered final judgment against him for costs of suit, and awarded execution therefor.

Waiving all other questions, it is apparent, if the plea of tender presented an immaterial issue, and the finding of the jury was for defendant only on that plea, it was error on such verdict to render the judgment now challenged. The third section of chapter 135, R. S. 1874, is the same in language with section 38 of the Practice Act in the Revised Statutes of 1845, and reads as follow: " In all cases when a tender shall be made and full payment be offered, by discount or otherwise, as the party by contract or agreement ought to do, and the party to whom such tender shall be made doth refuse the same, and yet afterwards will sue for the debt or goods so tendered, the plaintiff shall not recover any costs in such suit." This statute was passed upon by the Supreme Court in the cases of Cilly v. Hawkins, 48 Ill. 309, and Gregory v. Wells, 62 Id.

232, and it was expressly held it did not apply to unliquidated damages growing out of contract, and that such tender was not authorized by the common law. When the Legislature re-enacted this section in 1874, they must be presumed to have had in view the interpretation that had been placed upon it by the court. The point decided in Frantz v. Rose, 89 Ill. 591, is not inconsistent with this view of the law, for the reason that decision was in a suit commenced before a justice of the peace, and the tender was authorized by section 57, Ch. 79, R. S. 1874; and the decision was placed on that ground.

It may be difficult to see any good reason why one rule should obtain in cases before a justice of the peace, and another and different rule in suits begun and prosecuted in a court of record; or why in the latter court a tender may be made of unliquidated damages for a trespass and not for unliquidated damages based on contract; (R. S. Ch. 135, Sec. 6.) but these are questions for the legislative department to determine. Under the statute and former decisions, we do not see how, in a case on contract begun and prosecuted in a court of record, there can be a tender of unliquidated damages. And where the amount of the damages has not been ascertained by anticipatory agreement between the parties, they must be considered as unliquidated damages; and of that character are the damages here involved. If we are correct in this view of the law, then the court erred in rendering the judgment it did. For the several reasons stated in this opinion, the judgment of the court below must be reversed and the cause remanded.

Reversed and remanded.